UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA CRAFT,

    Plaintiff,

v.

LONGS DRUG STORES CALIFORNIA, L.L.C., et al.,

    Defendants.

Case No. 24-cv-04596-JSC

**SECOND ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION**

Re: Dkt. No. 12

Defendant Longs removed this action based on diversity jurisdiction, alleging Ms. Craft and Longs are diverse. (Dkt. No. 1 ¶¶ 6-10.)[1] Because Longs had not alleged the citizenship of co-defendant Bay Hill, the Court ordered Longs to make a supplemental filing setting forth the citizenship of each member of Bay Hill. (Dkt. No. 10.) Pending before the Court is Longs' response. (Dkt. No. 12.) Longs asserts it does not believe any member of Bay Hill is a California citizen based on a California Secretary of State filing and conversations with Bay Hill's counsel. This response is insufficient for Longs to meet its burden to prove diversity jurisdiction.

The only information Longs provides shows a member (or perhaps manager) of Bay Hill is FW-REG II Holdings, LLC. (Dkt. No. 12-1.) But Longs makes no allegations as to the citizenship of the members of FW-REG II Holdings.

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *see also McKay v. Fay Servicing, LLC,* No. 23-CV-03731-EMC, 2023 WL 4848855, at *1 (N.D. Cal. July 28, 2023) (same).  It is also unclear whether FW-REG III Holdings is the only member of Bay Hill, as the supplemental declaration refers to Bay Hill's "members."  (Dkt. No. 12 ¶ 3.)

The Court will give Longs one final chance to prove there is diversity, and thus federal subject-matter, jurisdiction.  It must allege the citizenship of all relevant members of all defendants; simply saying it believes no (unidentified) member is a citizen of California is insufficient.  Longs's supplemental filing must be submitted on or before August 26, 2024.

**IT IS SO ORDERED.**

Dated: August 16, 2024

JACQUELINE SCOTT CORLEY
United States District Judge