UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA CRAFT,<br><br>          Plaintiff,<br><br>    v.<br><br>LONGS DRUG STORES CALIFORNIA, L.L.C., et al.,<br><br>          Defendants. | Case No. 24-cv-04596-JSC<br><br>**SUA SPONTE REMAND ORDER** |

Defendant Longs removed this action based on diversity jurisdiction, alleging Ms. Craft and Longs are diverse. (Dkt. No. 1 ¶¶ 6-10.)[1] But a civil action may not be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought." (cleaned up)). Longs's notice of removal failed to allege the citizenship of Defendant Bay Hill, and thus failed to establish the Court has federal subject-matter jurisdiction over this action based on diversity. (Dkt. No. 10.)

Because Longs had not alleged the citizenship of co-defendant Bay Hill, the Court ordered Longs to make a supplemental filing setting forth the citizenship of each member of Bay Hill. (*Id*.) Longs's response asserted it did not believe any member of Bay Hill is a California citizen

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

based on a California Secretary of State filing and conversations with Bay Hill's counsel. (Dkt. No. 12.) Because Longs's response was insufficient for Longs to meet its burden to prove diversity jurisdiction, the Court ordered Longs to make another supplemental filing setting forth the citizenship of all relevant members of all Defendants. (Dkt. No. 15.) Long's response to the Court's second order to show cause as to diversity jurisdiction revealed "one of the sub-sub-members of Bay Hill is a California citizen. Given this additional information, there is no diversity in this case and [Longs] is withdrawing the Notice of Removal filed on July 30, 2024." (Dkt. No. 20 ¶ 2.)

Without diversity, this Court lacks subject-matter jurisdiction over this action. Accordingly, the Court REMANDS this case to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: September 4, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge